IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISTOPHER D. NELSON | § | |
| | § | Civil Action No. |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | (JURY TRIAL REQUESTED) |
| COVESTRO, LLC | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kristopher D. Nelson, Plaintiff in the above styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of Covestro, LLC and for cause of action would show the Court as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, back pay, lost benefits, civil penalties, compensatory and punitive damages, liquidated damages, attorneys fees, taxable costs of court, and pre and post judgement interest for disability discrimination and ERISA violations suffered by Plaintiff during his employment with Defendant, Covestro, LLC.

2. Plaintiff demands a trial by jury on all issues that are statutorily permitted to be tried to a jury.

## II.
## PARTIES

3. Plaintiff, Kristopher D. Nelson, is a resident of Harris County, Texas.

4. Defendant, Covestro, LLC, formerly known as Bayer Material Science, LLC , is a Delaware

corporation, doing business in the State of Texas. This Defendant may be served with Complaint and Summons by serving its registered agent, Corporation Service Company, d/b/a CSC – Lawyers Incorporation Service, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that Defendant's officers, agents, managers and personnel agents or servants or fiduciaries committed such act or omission and that at the time such act or omission was committed it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of business and within the normal scope of employment of Defendant's officers, agents, managers, servants, board members or employees.

### III.
### JURISDICTION AND VENUE

6. This court has subject matter jurisdiction in this case federal question jurisdiction under 28 U.S.C. §1331(federal question) and the Americans With Disabilities Act (ADA) 42 U.S.C. §12101 *et seq*. and the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq*.

7. Venue is proper in the Southern District of Texas, under 28 U.S.C. §1391(b) because Defendant has business locations in the Southern District of Texas and a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.

8. The Court has personal jurisdiction over Defendant since it maintains sufficient minimum contacts in the State of Texas.

9. The amount of controversy is within the jurisdictional limits of this Court.

10. All conditions precedent to the filing of this cause of action have been met.

### IV.
### PROCEDURAL REQUISITES

11. Plaintiff, filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination against Defendant on May 10, 2018 under Charge No. 460-2018-02367.

12. On May 24, 2018, the EEOC issued a Notice of Right to Sue letter allowing Plaintiff to file an action against Defendant for violations of the ADA.

13. The filing of this lawsuit has been accomplished within ninety ( 90) days of Plaintiff's receipt of the Notice of Right to Sue letter.

14. All conditions precedent to the filing of this cause of action have been met.

## V.
## FACTS

15. Plaintiff was actively employed by Defendant from 1998-2009. In 2010, Plaintiff suffered an injury and has been on long term disability (LTD) with Defendant 2010.

16. Plaintiff continued to be eligible for and did in fact receive all of the same employee benefits he had while actively employed, including medical, dental and vision insurance, basic life insurance (paid for by the company), supplemental life insurance, and accidental death and dismemberment insurance coverage, through December 31, 2017.

17. Premiums for the various insurance coverages and other benefits were deducted from his LTD payment and Plaintiff received notices of benefit enrollment confirmation.

18. To the best of Plaintiff's knowledge, Defendant considered him to be an active employee on leave due to disability, thereby making him eligible to receive all of the same benefits afforded to all other employees.

19. Plaintiff received a letter dated October 2017 addressed to Covestro LTD participants. It informed him that medical insurance benefits for those LTD recipients who had been on disability leave for at least 24 months would be ending effective January 1, 2018.

20. Plaintiff did not receive any notices regarding termination of any of his other employee benefits.

21. Plaintiff made several calls to Defendant's Human Resources Benefits division and was assured that both he and his wife, who was also covered under the Defendant's medical insurance plan, would not be affected and that their coverage would continue.

22. However, in January 2018, when he had a doctor's appointment, Plaintiff was advised that in fact his medical insurance had been terminated, along with his prescription drug plan and all the other benefits he had been receiving.

23. Plaintiff's disability causes him chronic pain due to spinal fusion, arachnoiditis, and spinal stenosis. As a result of the Defendant's improper termination of his benefits, he was unable to afford to fill his prescriptions and had to obtain alternative, less effective medications.

24. In addition, Plaintiff's wife was also left without medical, dental or vision insurance as a result of this unlawful termination of benefits.

25. Medical and other benefits for employees of Defendant who did not have a disability remained unchanged and available to them.

26. After being told by his physician and pharmacy that he no longer had medical insurance or prescription drug coverage, Plaintiff again contacted Defendant's Human Resources Benefits division. This time he was told that his employment had now been terminated and he was no longer entitled to benefits.

## VI.
## DISABILITY DISCRIMINATION

27. Plaintiff incorporates all allegations contained in the foregoing paragraphs as if fully alleged verbatim herein.

28. Defendant Covestro, LLC discriminated against Plaintiff in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 *et seq.* when it terminated his employment and all of his benefits.

29. The ADA requires employers to afford disabled employees equal access to whatever health insurance and other benefits coverage are provided to other employees.

30. Defendant subjected Plaintiff to different terms and conditions of employment when it terminated him and took away his benefits because of his being disabled.

31. Defendant engaged in unlawful disparate treatment when it decided to eliminate benefits for only those employees who were disabled and receiving LTD benefits. This is a violation of the ADA.

32. As a result of Defendant's actions in violation of the ADA, Plaintiff has suffered significant economic harm, loss of benefits, both past and future, as well as emotional pain and mental anguish.

## VII
## VIOLATIONS OF ERISA

33. Plaintiff incorporates all allegations contained in the foregoing paragraphs as if fully alleged verbatim herein.

34. Defendant's actions in terminating Plaintiff's employment and attendant benefits constitute interference with Plaintiff's benefits in violation of Section 510 of the Employee Retirement Income Security Act of 1974 ( ERISA), 29 U.S.C. §§ 1001 *et seq*.

35. It is asserted that Defendant terminated Plaintiff in order to avoid having to provide all of the employee benefits that Plaintiff had continued to receive in past years, despite being out on disability leave.

36. The actions of Defendant to cut Plaintiff's benefits violates Section 510 because they were specifically targeted against employees with disabilities, only.

37. Defendant has also violated the notice provisions of ERISA contained under Section 204(h)(1).2g ;29 U.S.C. §1054(h) (1). These provisions require that beneficiaries must be notified in writing of a significant reduction in a plan benefit or material modification of a benefit.

38. Plaintiff was not provided with any notice of any kind alerting him to the elimination of his dental, vision , life and accidental death insurance coverages. This is violation of ERISA and may be subject to monetary penalties and fines pursuant to ERISA Section 502(c).

## VIII.
## JURY DEMAND

39. Plaintiff , Kristopher D. Nelson hereby makes a formal demand for jury trial in this matter.

## IX.
## PRAYER FOR RELIEF

40. For these reasons, Plaintiff respectfully requests that judgment be entered in his favor and the following relief be awarded :

a. Monetary damages as provided by law to compensate Plaintiff for lost benefits, reimbursement of medical costs incurred due to Defendant's unlawful conduct; and all other actual damages;

b. Reinstatement of all employment benefits, including but not limited to medical, dental, vision, life and accidental death insurance;

c. Compensatory damages and punitive damages, including mental anguish, as allowed by law;

d. All fines and penalties available under ERISA for failure to provide proper notice;

e. Pre and post judgment interest as allowed by law;

f. Reasonable attorney's fees incurred in prosecuting Plaintiff's claim, costs of court; and

g. All such other and further relief that Plaintiff may be justly entitled.

Respectfully submitted:

LAW OFFICES OF LAUREN M. SERPER, P.C.
By:   /s/ Lauren M. Serper
LAUREN M. SERPER
Federal ID No. 7334
Texas State Bar No. 18032100
3405 Edloe Street, Suite 200
Houston, Texas 77027
Phone: (713) 278-9398
Facsimile: (713) 785-0808
LOLMS1@aol.com
laurenserper@gmail.com

**ATTORNEYS FOR PLAINTIFF**