**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KRISTOPHER D. NELSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2899 |
| | § | |
| COVESTRO LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Kristopher Nelson sued Covestro LLC, asserting an employment-discrimination claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213. Covestro moves to dismiss Nelson's amended complaint, arguing that Nelson has not alleged facts showing that he is a "qualified individual" under the Act, and that the welfare-benefit provision Nelson challenges applies to all Covestro employees, regardless of disability. Nelson has responded, and Covestro has replied. (Docket Entry Nos. 21, 22, 23).

After a careful review of the pleadings, the motion, response, and the applicable law, the court grants Covestro's motion to dismiss, without prejudice and with leave to amend. (Docket Entry No. 21). Nelson must file an amended complaint no later than **May 31, 2018**.

The reasons for this ruling are detailed below.

**I.     Background**

Taking the well-pleaded factual allegations in the complaint as true for the purposes of this motion, Kristopher Nelson worked for Covestro from 1998 to 2009. (Docket Entry No. 20 at ¶ 14). In 2010, Nelson was injured and, in 2011, began receiving long-term disability benefits from Covestro under Covestro's long-term disability plan. (*Id.*). Nelson received the same employee

benefits he received while actively employed, including health, dental, vision, and life insurance. (*Id.* at ¶ 15).

In October 2017, Covestro informed Nelson that employees who had been on its long-term disability plan for at least 24 months would lose their health-insurance benefits effective January 1, 2018. (*Id.* at ¶ 18). Nelson alleges that Covestro's human resources department assured him that his health insurance coverage would continue. (*Id.* at ¶¶ 19–20). Nelson learned that he did not have health insurance in January 2018. (*Id.* at ¶ 22). He contacted Covestro's human resources department and was informed that "his employment had now been terminated and he was no longer entitled to benefits." (*Id.* at ¶ 25). This lawsuit followed.

Nelson alleges that Covestro's termination of his benefits violated the Americans with Disabilities Act by "subject[ing him] to different terms and conditions of employment when it took away his benefits because of his being disabled" and by "engag[ing] in unlawful disparate treatment when it decided to eliminate benefits for only those employees who were disabled and receiving [long-term disability] benefits." (*Id.* at ¶¶ 29–30).

Each argument for dismissal, and the response, is analyzed below, under the legal standard for a motion to dismiss.

## II.     The Legal Standard for a Motion to Dismiss

Rule 12(b)(6) requires dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quotation marks and alteration omitted).

In considering a motion to dismiss under Rule 12(b)(6), "a district court must limit itself to the contents of the pleadings, including attachments." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [the] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The court may also "take judicial notice of matters of public record." *Norris*, 500 F.3d at 461 n.9.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15(a)] evinces a bias in favor of granting leave to amend." (quotation omitted)); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court may deny a motion to amend as futile if an amended complaint would fail to state a claim upon which relief could be granted. *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012). Whether to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Id.*

## III.    Analysis

Nelson does not identify the statutory section that is the basis of his claim, instead alleging generally that Covestro, a private employer, discriminated against him in violation of that statute. (Docket Entry No. 20 at ¶ 27). The elements of a *prima facie* showing of disability discrimination under the Act are that the plaintiff "is a qualified individual with a disability" who suffered an adverse employment action because of the disability. *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 258 (5th Cir. 2001); *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir. 1999). Section 12112(a) states:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

A "qualified individual" is one who can perform the essential functions of a job, with or without reasonable accommodation. 42 U.S.C. § 12111(8). A "reasonable accommodation" may include either "(A) making existing facilities . . . readily accessible" or "(B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, . . . training materials or policies . . . and other similar accommodations . . . ." 42 U.S.C. § 12111(9)(A)–(B). The Act "does not require affirmative action in favor of individuals with disabilities," but it does "prohibit[] employment discrimination against qualified individuals with disabilities, no more and no less." *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1094 (5th Cir. 1996).

Covestro argues that Nelson has not pleaded facts showing that he is a qualified individual because the amended complaint does not allege that Nelson could, or can, perform his job's essential functions with or without an accommodation. (Docket Entry No. 21 at 3). Nelson responds that "Title I of the ADA expressly prohibits discrimination in the provision of fringe benefits," including long-term disability benefits. (Docket Entry No. 22 at 2). According to Nelson, "[i]t would be contrary to the underlying purpose of the [Act] as well as illogical, to exclude coverage under the [Act] for fringe benefit related discriminatory events based on this reasoning." (*Id.*). He points to cases in the Second and Third Circuits, which he argues "have held that since the [Act] applies to fringe benefits . . . the term 'qualified individual' must be broadly applied." (*Id.* at 2–3 (citing *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 605–07 (3d Cir. 1998); *Castellano v. City of New York*, 142 F.3d 58, 67 (2d Cir. 1998))).

Nelson's response does not answer whether he is a qualified individual under the Act. His allegations and response suggest that he is not. He alleges that his "disability causes him chronic pain due to spinal fusion, arachnoiditis, and spinal stenosis," preventing him from working for Covestro in his former job, and from performing any work. (Docket Entry No. 20 at ¶ 22). He has not alleged that a reasonable accommodation or accommodations would allow him to perform the

core functions of the job.  *See Chandler v. City of Dallas*, 2 F.3d 1385, 1393–94 (5th Cir. 1993).

Nelson makes clear in his response to the motion to dismiss that he "can no longer work, with or

without accommodation."  (Docket Entry No. 22 at 3).

The federal circuits are divided over whether a former employee who is unable to perform

the essential functions of his job may be a "qualified individual" under Title I of the Act, but the

majority of circuit courts to consider the issue have concluded that a totally disabled person cannot

sue under Title I.  *See, e.g.*, *Morgan v. Joint Admin. Bd.*, 268 F.3d 456, 457–58 (7th Cir. 2001);

*Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1111–12 (9th Cir. 2000) (a totally

disabled former employee is not a "qualified individual" under the plain meaning of the Act and

cannot state a claim under the statute); *McKnight v. Gen. Motors Corp.*, 550 F.3d 519, 528 (6th Cir.

2008) (a totally disabled plaintiff could not sue under Title I for discrimination based on losing

disability benefits); *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1161 (10th Cir.1999) ("[A]

'qualified individual with a disability' has to be someone who can perform the essential functions

of a job."); *but see Castellano v. City of New York*, 142 F.3d 58, 68–70 (2d Cir. 1998) (the term

"qualified individual" under Title I of the ADA covers former employees); *Ford v. Schering-Plough

Corp.*, 145 F.3d 601, 605–07 (3d Cir. 1998) (disabled former employees could sue their former

employers under Title I of the ADA for changes to their disability benefits).

While the Fifth Circuit has not directly addressed this issue, cases suggest support for the

majority position.  In *Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254 (5th Cir. 2001), a

former employee who had left his job and was on long-term disability benefits sued his former

employer when he was not rehired, alleging employment discrimination under the Act.  *Id.* at 257.

The district court granted summary judgment to the employer because the evidence showed that the

former employee "could not perform the essential functions of the position he sought."  *Id.* at 258.

The Fifth Circuit affirmed, finding that the former employee could not show that he was a "qualified

individual" under the Act because he had stated that he was unable to work when applying for and receiving long-term disability benefits. *Id.* at 258–59; *see also Lewis v. City of Houston*, 162 F.3d 1159, 1159 (5th Cir. 1998) (per curiam).

Nelson has not alleged that he is a qualified individual under the ADA, which is necessary to state a *prima facie* case for discrimination. Without factual allegations that could support a finding that Nelson is a "qualified individual" under the Act, he cannot bring a claim under that statute. The court grants Covestro's motion to dismiss, without prejudice and with leave to amend.

Covestro also argues that Nelson has not pleaded facts supporting his claim that the "he is being treated differently than other [long-term disability] recipients or that 'classes of disabled individuals' exist." (Docket Entry No. 23 at 4). The court's conclusion that Nelson has failed to state a claim under the Act because he has not alleged facts that could show that he is a "qualified individual" makes it unnecessary to address whether he has alleged facts sufficient to support his claim that the insurance exclusion violates the Act.

## IV. Conclusion

Covestro's motion to dismiss, (Docket Entry No. 21), is granted. The claims are dismissed without prejudice and with leave to amend. Nelson must file an amended complaint no later than **May 31, 2018**.

SIGNED on May 3, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge